## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## SUPER TIRE CORPORATION, Respondent.

No. 77–1259.

United States Court of Appeals,
Sixth Circuit.

June 20, 1979.

Elliott Moore, Deputy Associate Gen. Counsel, Marion Griffin, Harvey M. Stone, N.L.R.B., Washington, D. C., Bernard Levine, Director, Region 8, N.L.R.B., Cleveland, Ohio, for petitioner.

Harold Finkle, New York City, S. Gordon Elkins, Stradley, Ronon, Stevens & Young, Georganne Daher Terrill, Philadelphia, Pa., for respondent.

Before WEICK and CELEBREZZE, Circuit Judges, and PECK, Senior Circuit Judge.

### ORDER

This case is before the court on petition of the National Labor Relations Board for enforcement of its order against the respondent, Super Tire Corporation, finding respondent in violation of § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1). The Board found that respondent had violated the Act by discharging certain employees for striking over unsafe working conditions. The order of the Board is reported at 227 NLRB No. 132. This case is properly before the court since the alleged unfair labor practice occurred in Old Fort, Ohio, 29 U.S.C. § 160(e).

Respondent contends that enforcement should be denied because the administrative law judge (ALJ) who heard the case and made recommendations to the Board was biased against respondent's position. Respondent contends such bias deprived it of its right to a fair and impartial hearing of the issues in this case. We agree.

From our review of the administrative record, we find a substantial display of bias on the part of the ALJ which render his determinations of credibility and fact highly suspect. The Board accepted the ALJ's findings without making a thorough reevaluation of the evidence presented at the hearing. Thus, the validity of the entire administrative process is called into ques-

tion. We conclude that the Board's order must be vacated, and the case be remanded for further proceedings before another ALJ.

Accordingly, It is ORDERED that the order of the National Labor Relations Board be and hereby is vacated, and the case is remanded for further proceedings before another ALJ.